[Civ. No. 9355.   Third Dist.   May 29, 1959.]

ELSIE E. COWEE et al., Respondents, v. MATTHEW MARSH, Appellant.

Peters & Peters and Coyle E. Bybee for Appellant.

Francis T. Cornish, J. Adrian Palmquist, Manwell & Manwell and James G. Changaris for Respondents.

VAN DYKE, P. J.—Defendant Marsh appeals from a judgment rendered against him and in favor of plaintiffs Cowee, Evans and McNulty for damages resulting from an automobile accident in which three automobiles were involved. Respondent Cowee was driving from Chico toward Oroville, appellant was driving from Oroville to Chico just ahead of a third car, called the Smith car. The cars being driven by Cowee and appellant sideswiped as they were passing and Cowee's car, out of control, collided headon with the Smith car. The sole question presented is the sufficiency of the evidence to sustain the trial court's finding that the negligence of appellant was the sole proximate cause of the collision between his car and Cowee's car and of the resulting collision between that car and the Smith car. If that question be resolved adversely to appellant then all plaintiffs were entitled to recover.

A prior trial to a jury had resulted in a discharge of the jury for inability to agree. In the second trial, there came into evidence in one way or another, much of the testimony of witnesses at the first trial, all of the depositions of witnesses taken before trial, parts of the evidence at the coroner's inquest into the deaths of the occupants of the Smith car, and many statements made by witnesses to claim adjusters and to highway patrolmen. Under such circumstances it is not unusual to find that the evidence is not only sharply in conflict from witness to witness but also that the testimony of witnesses developed inconsistencies with their prior testimony and statements. It is appellant's contention that although there is sufficient evidence to support the trial court's findings if taken at face value, yet the evidence supporting the trial court's decision is incredible and that the conflict is apparent rather than real; that the substantial believable testimony when analyzed shows as a matter of law that appellant was free of negligence and that Cowee's negligence was the sole proximate cause of the accident. ██ Acknowledging the well-known rule that an appellate court will not interfere with the judgment where there exists a substantial conflict in the evidence, appellant frankly relies upon the concept of substantial support as stated in *Morton* v. *Mooney*, 97 Mont. 1 [33 P.2d 262], and referred to with approval by our Supreme Court in *Herbert* v. *Lankershim*, 9 Cal.2d 409, 471-472 [71 P.2d 220]. Said the Montana court:

"While the jurors are the sole judges of the facts, the question as to whether or not there is substantial evidence in support of the plaintiff's case is always a question of law for the court (*Grant* v. *Chicago, etc., Ry. Co.*, 78 Mont. 97 [252 P. 382]), and, in determining this question, 'the credulity of courts is not to be deemed commensurate with the facility or vehemence with which a witness swears. "It is a wild conceit that any court of justice is bound by mere swearing. It is swearing creditably that is to conclude the judgment." ' "

■ There are material conflicts in the testimony and some of the witnesses gave testimony that directly or inferentially conflicted seriously with prior testimony and statements. Appellant has filed a voluminous brief, which painstakingly sets out all of these matters and analyzes them in accordance with appellant's point of view. It is apparent from the record that these contentions were fully presented to the trial court both during the trial and upon motion for new trial. The trial court, presided over by an experienced jurist, rejected appellant's contentions. We have carefully followed appellant in his arguments and have concluded that there is substantial support for the decision and that it must therefore be affirmed. It would be impossible within the reasonable limits of an opinion to discuss in detail the numerous conflicts presented by the record, all of which are stated, described and analyzed with copious quotations from the record in the 500 pages of briefing with which appellant's counsel have favored us. A brief introductory statement of facts and a quotation from the written opinion of the trial judge will suffice.

The accident occurred on a very stormy night. Visibility was poor and there were intermittent flashes of blinding lightning with a heavy downpour of rain. As appellant's car, which was followed closely by the Smith car, was passing Cowee's car the two vehicles came into a scraping collision. Appellant testified that at that moment he had come to a stop or nearly to a stop and to avoid a collision with the Cowee car, which was over the center line, had pulled far to his right so that his car was mostly on the shoulder of the road when it was struck by the Cowee car; that the Cowee car went on up the road about 250 feet and struck the Smith car. The occupants of the Cowee car testified that Mrs. Cowee was on her side of the road until struck by appellant's car; that the collision pulled her car to the left and into the wrong lane where, out of control, it hit the Smith car headon; that this

collision happened immediately; that as one witness said, "It was just bang, bang." The decision turned upon the issue of which car, appellant's car or the Cowee car, was out of its travel lane when the two collided.

We quote the following from the trial court's decision:

"It is the contention of Plaintiffs that the Marsh car came around the curve on the wrong side of the road; that as it was crossing back, it came into collision with the Cowee car; and that almost immediately thereafter the collision between the Cowee car and the Smith car occurred.

"It is the contention of the Defendant that the Cowee car struck his car while it was stopped and on the gravel shoulder on his side of the road and then proceeded onward some 250 feet and collided with the Smith car.

"It appears from the evidence that all parties and all witnesses were sober. They all appear to describe what happened as they saw it. Their testimony gives support to the stock instruction that witnesses may vary in the description of the same accident.

"The damage to the Marsh car indicates that there was a solid impact with sufficient force to change its direction in moving or to move it, if stopped. The scratches and markings on the rear tire indicate that they were caused by scraping against the fender or the fender skirt, which was not removed until some little time after the accident. The hub cap was gone and has never been located. It would appear that the Marsh car was driven some distance after the collision with the Cowee car.

"In the Cowee car were three women in the front seat and five children in the back of the station wagon. The women were keenly aware of the storm and remarked upon it from time to time. It is hardly conceivable that Mrs. Cowee would drive at a reckless rate of speed under the circumstances. It is also harder to conceive that after coming into a collision with the Marsh car, that she could have then proceeded 250 feet down the highway to the point of collision with the Smith car without any occupant of the car being aware of the interval of space and time. This distance is an appreciable distance, and to travel it takes an appreciable space of time. The testimony of the occupants of the car is either that one collision immediately followed the other or that only the one collision is remembered.

"The testimony of Mrs. Cowee, Mrs. McNulty and Arlene Evans is that the Cowee car was on its own side of the road

and the first car (The Marsh Car) comes around the curve on the wrong side of the road. The witness Clark states that he saw the Marsh car in motion after the accident and saw it as its brake light went out as it came to a stop.

"The preponderance of the evidence is that the second collision followed immediately after the first collision, and that the first collision occurred very near to the place where the Cowee car and the Smith car met and came to rest.

"In the opinion of the Court the Defendant's negligence was the proximate cause of the injuries to Plaintiffs, and they are entitled to judgment."

The brief analysis of the evidence given by the trial court sufficiently demonstrates that we do not have here a case where a reviewing court can say that all of the evidence which so patently supports the trial court's decision was incredible. The occupants of the Cowee car did testify as related, although there were inconsistencies between their testimony on this trial and their previous statements. Some of the conflicts were serious. Their ability, due to circumstances, to accurately observe the position of their car on the road was subject to challenge. Yet it was for the trial court to determine whether or not in substance they stated the truth concerning the way in which the collision with the appellant's car came about. There was also the witness referred to as Clark, whose testimony was squarely in conflict with the testimony of appellant that his car was practically stopped at the time of the collision with the Cowee car and that from that point the Cowee car was driven 250 feet to the point of collision with the Smith car. We think it unnecessary to discuss the matter further.

The judgment appealed from is affirmed.

Peek, J., and Schottky, J., concurred.